**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 60827)
tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303/Facsimile: (760) 929-9260

Attorneys for Plaintiff JUAN SANCHEZ

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JUAN SANCHEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC,

Defendant.

Case No.

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**(1) BREACH OF CALIFORNIA CONSUMER PRIVACY ACT, CAL. CIVIL CODE § 1798.150;**

**(2) BREACH OF CALIFORNIA SECURITY NOTIFICATION LAW, CAL. CIVIL CODE § 1798.82;**

**(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ*.;**

**(4) NEGLIGENCE; and**

**(5) BREACH OF IMPLIED CONTRACT;**

**JURY TRIAL DEMANDED**



COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff JUAN SANCHEZ (or "Plaintiff"), by and through his attorneys, brings this class action on behalf of himself individually and all others similarly situated, against Defendant ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC ("AA" or "Defendant"), and alleges upon information and belief as follows:

**INTRODUCTION**

1. This class action arises from the negligent failure of AA to properly create, maintain, preserve, and/or store confidential, personal information of Plaintiff and all other persons similarly situated which allowed such unencrypted personal information on "the Company's [computer] network," to be "accessed or acquired" or taken by "an unauthorized actor," on February 7, 2023, resulting in violations of the California Consumer Privacy Act ("CCPA"), Cal. Civil Code section 1798.150, and the Cal. Business and Professions Code sections 17200, *et seq*. Under the CCPA, Plaintiff, and all other persons similarly situated, have the right to expect that the confidentiality of their personal information in possession of AA to be reasonably preserved and protected from unauthorized access and exfiltration, theft, or disclosure. In fact, subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information." Additionally, paragraph (1) of subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, [] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect

the personal information may institute a civil action …."

2. Prior to February 7, 2023, Plaintiff provided AA with his personal information, including name, Social Security number, address, telephone number, email address, and financial information (including bank account number, credit card number, and/or debit card number). As alleged more fully below, AA negligently created, maintained, preserved, and stored Plaintiff's and the Class's (defined *infra*) personal information, in AA's possession, in a nonencrypted and a nonredacted manner prior to and on February 7, 2023, allowing such nonencrypted and nonredacted personal information to be "accessed" and "acquired" or exfiltrated, stolen or disclosed, by at least one "unauthorized actor," without Plaintiff's and the Class Members' prior consent, due to AA's failure to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, theft or disclosure and ensure the confidentiality of the personal information in its possession, including failing to implement adequate and reasonable security controls and user authorization and authentication processes, failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5 of the Cal. Civil Code,[1] and failing to properly and adequately educate and train its

[1] "Personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code means either of the following: "An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted:

(i) Social security number.

(ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.



COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

employees. In fact, AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff and other persons similarly situated, stated in part, "Advance America is writing to inform you of a data security incident that may have impacted some of your personal information. We collected personal information about you when you applied to receive a loan or another financial service from us and/or became an active customer," and informing him, in part, of "**What Happened?** [¶] On or around February 7, 2023, we experienced a temporary systems outage affecting our corporate network. Upon becoming aware of the incident, we immediately launched an investigation to better understand the scope and impact of the incident. We also engaged third-party cybersecurity experts to remediate, further investigate what happened, and determine the scope of the incident. Our investigation determined that an unauthorized actor accessed or acquired certain corporate business records on the Company's network. We also reported this incident to law enforcement."[2] AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff and other persons similarly situated, further stated in part, "**What We Discovered** [¶] We conducted a thorough review of these business records to identify the

---

(iii) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Medical information.

(v) Health insurance information.

(vi) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(vii) Genetic data."

[2] Hereinafter referred to as the "Data Breach."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

individuals whose information was contained in the records. We recently completed this review and determined that some of your information was included in the records. [¶] **What Information Was Involved** [¶] The impacted personal information relating to you includes your Social Security number." AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff and other persons similarly situated, further stated in part, "***Secured Our Systems*** [¶] In response to this incident, the Company implemented additional security measures to further fortify its network's security measures and protocols and protect customers' information, including leading industry security tools and improved monitoring, enhancing administrative and technical safeguards, and instituting more frequent and rigorous security training.... [¶] **What You Can Do** [¶] We encourage you to remain vigilant against incidents of identity theft and fraud, to review your account statements, and to monitor your credit reports for suspicious activity.... [¶] **For More Information** [¶] .... We regret this incident and apologize for any concern it may cause you." An exemplar of AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. After February 7, 2023 and prior to August 16, 2023, Plaintiff's suffer an unauthorized charge to his financial account (an account whose information had been provided to AA before February 7, 2023). Based on the foregoing information, Plaintiff reasonable fears, believes and alleges that his first name or first initial and the individual's last name in combination with Social Security number, address, telephone number, email address, and financial information (including bank account number, credit card number, and/or debit card number) was subject to an unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of AA's violation of its duty to implement and maintain reasonable security procedures and practices

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

appropriate to the nature of the information to protect the personal information.

3. Because Plaintiff alleges that AA breached its duty to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the confidentiality of the personal information in its possession, Plaintiff, individually and on behalf of all others similarly situated, seeks damages from Defendant for negligence and breach of implied-in-fact contract. Because Plaintiff also alleges that the nonencrypted and nonredacted personal information of Plaintiff and the Class was subject to unauthorized "access" and was "acquired" or exfiltrated by at least one unauthorized third party in violation of Cal. Civil Code section 1798.150(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant injunctive relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Civil Code section 1798.82(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Business & Professions Code sections 17200, *et seq*., Plaintiff, individually and on behalf of others similarly situated, seeks injunctive relief from Defendant under Cal. Business and Professions Code section 17203.

4. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class and at least one other Class Member is a citizen of a state different from Defendant.

6. Defendant routinely conducts business in the State where this Judicial District is located, have sufficient minimum contacts in this State and have intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this Judicial District, and Defendant does business in this Judicial District.

## PARTIES

### A. PLAINTIFF

8. Plaintiff John Doe is and was at all times relevant to this action a resident of the State of California and this judicial district, and citizen of the State of California. Plaintiff received a letter, addressed in his full name and his residential address, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," which stated, in part, " Advance America, Cash Advance Centers of California, LLC d/b/a Advance America [] is writing to inform you of a data security incident that may have impacted some of your personal information. We collected personal information about you when you applied to receive a loan or another financial service from us and/or became an active customer," and informing him, in part, of "**What Happened?** [¶] On or around February 7, 2023, we experienced a temporary systems outage affecting our corporate network. Upon becoming aware of the incident, we immediately launched an investigation to better understand the scope and impact of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

incident. We also engaged third-party cybersecurity experts to remediate, further investigate what happened, and determine the scope of the incident. Our investigation determined that an unauthorized actor accessed or acquired certain corporate business records on the Company's network. We also reported this incident to law enforcement." AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff, further stated in part, "**What We Discovered** [¶] We conducted a thorough review of these business records to identify the individuals whose information was contained in the records. We recently completed this review and determined that some of your information was included in the records. [¶] **What Information Was Involved** [¶] The impacted personal information relating to you includes your Social Security number." AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff, further stated in part, "***Secured Our Systems*** [¶] In response to this incident, the Company implemented additional security measures to further fortify its network's security measures and protocols and protect customers' information, including leading industry security tools and improved monitoring, enhancing administrative and technical safeguards, and instituting more frequent and rigorous security training.... [¶] **What You Can Do** [¶] We encourage you to remain vigilant against incidents of identity theft and fraud, to review your account statements, and to monitor your credit reports for suspicious activity.... [¶] **For More Information** [¶] .... We regret this incident and apologize for any concern it may cause you." An exemplar of AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. After February 7, 2023 and prior to August 16, 2023, Plaintiff's suffer an unauthorized charge to his financial account (an account whose information had been provided to AA before February 7, 2023). Based on

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the foregoing information, Plaintiff reasonable fears, believes and alleges that his first name or first initial and the individual's last name in combination with Social Security number, address, telephone number, email address, and financial information (including bank account number, credit card number, and/or debit card number) was subject to an unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of AA's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information. Additionally, as a result of the foregoing, Plaintiff reasonably fears, believes and alleges that his unencrypted personal information on "the Company's [computer] network" has been "accessed or acquired" or taken by "an unauthorized actor", on on "February 7, 2023" has subjected him to injury and/or actual damage.

**B. DEFENDANT**

9. Defendant Advance America, Cash Advance Centers of California, LLC ("AA") is a Delaware corporation with a principal address located at 135 North Church Street, Spartanburg, SC 29306, that is registered to do business and does business in the State of California and operates approximately 82 store fronts at locations throughout California. On or about August 16, 2023, AA caused notice letter, dated August 16, 2023, entitled "Notice of Data Breach," signed "The Customer Support Team," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated.

10. At all times relevant to this action, AA was and is a business that conducts business in California, was and is a "business" within the meaning of Cal. Civil Code section 1798.80(a), owns or licenses computerized data which includes Plaintiff's and the Class's personal information, within the meaning of Cal. Civil Code section 1798.82(h), and collected Plaintiff's and the Class's personal information within the meaning of Cal. Civil Code section

1798.81.5(d)(1).

11. AA's Privacy Policy states in part that, "We collect your personal information, for example, when you apply for a loan or give us your income information, provide employment information or provide account information, [and] give us your contact information. We also collect your personal information from others, such as credit bureaus, affiliates, or other companies." Additionally, AA states in part in its Privacy Notice for California Residents that the personal information it collects includes "Sensitive Personal Information" such as Social Security numbers (SSNs), Driver's license, financial account or card numbers, Precise geolocation, Racial and ethnic characteristics, Religious and philosophical beliefs, Union membership, Contents of mail, email and text messages, Genetic and biometric data; "Identifiers" such as name, alias, address, unique identifier, internet protocol address, email address, account number, Social Security Number, or government identification number; "Other Personal Information" such as name, signature, Social Security Number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information; "Protected Characteristics" under California or federal law for classifications such as age (40 years or older), race, color, ancestry, national origin, citizenship, religion or creed, marital status, sex (including gender, gender identity, gender expression), sexual orientation, or veteran or military status; "Biometric Information" such as genetic, physiological, behavioral, and biological characteristics, or activity patterns used to extract a template or other identifier or identifying information, such as, fingerprints, faceprints, and voiceprints, iris or retina scans, keystroke, or gait; and "Professional or Employment Related Information" such as current or past job history or performance evaluations. Additionally, AA states in part in its Privacy

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Notice for California Residents that it collects, uses, and/or discloses the personal information it collects in "performing services such as maintaining or servicing accounts, providing customer service, processing, or fulfilling transactions, verifying customer information, processing payments, providing financing, providing advertising or marketing services, providing analytic services, or providing similar services on behalf of us or by our service providers."

## FACTUAL ALLEGATIONS

12. At all times relevant to this action, including the period prior to and on February 7, 2023, AA created, maintained, preserved, and stored records of personal information, including the names, Social Security numbers, addresses, telephone numbers, email addresses, and financial information (including bank account numbers, credit card numbers, and/or debit card numbers), of Plaintiff and the Class (which constitutes personal information as that term is defined and set forth in the CCPA), that Plaintiff and other Class Members received from Plaintiff and the Class, on its computer "network."

13. Notwithstanding its duties under the CCPA, on or about August 16, 2023, AA caused notice letter, dated August 16, 2023, entitled "Notice of Data Breach," signed "The Customer Support Team," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. In such notice letter AA submitted to the Attorney General of the State of California, AA stated, in part, that "Advance America, Cash Advance Centers of California, LLC d/b/a Advance America [] is writing to inform you of a data security incident that may have impacted some of your personal information. We collected personal information about you when you applied to receive a loan or another financial service from us and/or became an active customer," and "**What Happened?** [¶] On or around February 7, 2023, we experienced a temporary systems outage affecting our corporate network. Upon becoming aware of the incident, we



COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

immediately launched an investigation to better understand the scope and impact of the incident. We also engaged third-party cybersecurity experts to remediate, further investigate what happened, and determine the scope of the incident. Our investigation determined that an unauthorized actor accessed or acquired certain corporate business records on the Company's network. We also reported this incident to law enforcement." AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff and the Class, further stated in part, "**What We Discovered** [¶] We conducted a thorough review of these business records to identify the individuals whose information was contained in the records. We recently completed this review and determined that some of your information was included in the records. [¶] **What Information Was Involved** [¶] The impacted personal information relating to you includes your Social Security number." AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," sent to Plaintiff and the Class, further stated in part, "***Secured Our Systems*** [¶] In response to this incident, the Company implemented additional security measures to further fortify its network's security measures and protocols and protect customers' information, including leading industry security tools and improved monitoring, enhancing administrative and technical safeguards, and instituting more frequent and rigorous security training.... [¶] **What You Can Do** [¶] We encourage you to remain vigilant against incidents of identity theft and fraud, to review your account statements, and to monitor your credit reports for suspicious activity.... [¶] **For More Information** [¶] .... We regret this incident and apologize for any concern it may cause you." An exemplar of AA's notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The Customer Support Team," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. After February 7, 2023 and prior to August 16, 2023, Plaintiff's suffer an unauthorized charge to his financial account

(an account whose information had been provided to AA before February 7, 2023). Based on the foregoing unauthorized events and AA's notice letter he received, an exemplar of which is attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that at all times relevant to this action, including the period prior to and on February 7, 2023, AA created, maintained, preserved, and stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and the last names, and government ID numbers (including Social Security numbers), on its computer "network."

14. Based on the foregoing unauthorized events and AA's notice letter he received, an exemplar of which is attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that at all times relevant to this action, an unauthorized actor accessed and acquired certain corporate business records on the AA's network" containing Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), as determined by AA's investigation, "on February 7, 2023." Therefore, based on the foregoing unauthorized events and AA's notice letter he received, an exemplar of which is attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that at all times relevant to this action, Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network," as determined by AA's investigation, in an nonencrypted and nonredacted format, was subject to an unauthorized access and acquisition or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

exfiltration, theft, or disclosure in violation of Cal. Civil Code section 1798.150.

15. While AA had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network," from unauthorized access and acquisition or exfiltration, AA neglected to adequately implement data security measures as required by the CCPA, despite its obligation to do so.

16. Additionally, the risk of vulnerabilities in AA's computer and data servers of being exploited by an unauthorized third party trying to steal Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was foreseeable and/or known to AA or should have been known by AA. The California Data Breach Report 2012-2015, issued in February 2016 by Attorney General, Kamala D. Harris, reported, "Malware and hacking presents the greatest threat, both in the number of breaches and the number of records breached" and "Social Security numbers and medical information – was breached [more] than other data types." Moreover, as the Attorney General further reported, just because "[e]xternal adversaries cause most data breaches, [] this does not mean that organizations are solely victims; they are also stewards of the data they collect and maintain. People entrust businesses and other organizations with their data on the understanding that the organizations have a both an ethical and a legal obligation to protect it from unauthorized access. Neglecting to secure systems and data opens a gateway for attackers, who take advantage of uncontrolled vulnerabilities." Regarding encryption, the Attorney General instructed in California Data Breach Report 2012-2015, "As we

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

have said in the past, breaches of this type are preventable. Affordable solutions are widely available: strong full-disk encryption on portable devices and desktop computers when not in use.[] Even small businesses that lack full time information security and IT staff can do this. They owe it to their patients, customers, and employees to do it now."

17. Further, it was also foreseeable and/or known to AA or should have been known by AA that negligently creating, maintaining, preserving, and/or storing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network," in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research. In 2014, 67 percent of breach victims in the U.S. were also victims of fraud, compared to just 25 percent of all consumers."

18. At all times relevant to this action, including the period prior to and on February 7, 2023, AA negligently created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network," in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class's personal information in their possession against unauthorized access and acquisition or exfiltration, theft, or disclosure, including but not limited to, by failing to take adequate and reasonable measures to ensure

AA's computer "network" were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by failing to properly and adequately educate and train its employees in regard to phishing scams,[3] and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to their written representations to Plaintiff and the Class.

19. Specifically, AA made written representations that AA would preserve confidentiality of consumers' personal information on AA's website,

[3] To be successful, phishing relies on a series of affirmative acts by a company and its employees such as clicking a link, downloading a file, or providing sensitive information. **Error! Main Document Only.**Once criminals gained access to the email accounts of a company and its employees, the email servers communicated—that is, disclosed—the contents of those accounts to the criminals. **Error! Main Document Only.**"Phishing scams are one of the most common ways hackers gain access to sensitive or confidential information. Phishing involves sending fraudulent emails that appear to be from a reputable company, with the goal of deceiving recipients into either clicking on a malicious link or downloading an infected attachment, usually to steal financial or confidential information." (https://www.varonis.com/blog/data-breach-statistics/, last accessed August 30, 2023). According to September 2020 guidance from CISA, organizations storing sensitive personally identifiable data should "[i]mplement a cybersecurity user awareness and training program that includes guidance on how to identify and report suspicious activity" and conduct "organization-wide phishing tests to gauge user awareness and reinforce the importance of identifying potentially malicious emails." (https://www.cisa.gov/sites/default/files/publications/CISA_MS-ISAC_Ransomware%20Guide_S508C.pdf, p. 5, last accessed August 30, 2023).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

which heavily advertises itself as a secure host of personal information, claiming, "With Advance America, you can be sure that all the information you submit is sent through a secure server, and we keep your information in a secure database" and further, "that your information on this website is encrypted." In addition to this information security policy, AA makes additional representations regarding the methods and tools they use to protect consumers' personal information. AA's Privacy Policy in part states: "To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings."

20. AA's Privacy Policy also confirms that AA collects an abundance of personal information from its customers (and Class members), including "Social Security number and income"; "transaction history and credit history"; and "employment information and checking account information."

21. In addition to its Privacy Policy, AA uses a unique Privacy Notice for California residents that "supplements" the information contained in AA's Privacy Policy and applies solely to individuals "who reside in the State of California." The California-specific policy confirms that AA collects an abundance of personal information from California residents, including "Sensitive Personal Information" such as Social Security numbers (SSNs), Driver's license, financial account or card numbers, Precise geolocation, Racial and ethnic characteristics, Religious and philosophical beliefs, Union membership, Contents of mail, email and text messages, Genetic and biometric data; "Identifiers" such as name, alias, address, unique identifier, internet protocol address, email address, account number, Social Security Number, or government identification number; "Other Personal Information" such as name, signature, Social Security Number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information; "Protected Characteristics" under California or federal law for classifications such as age (40 years or older), race, color, ancestry, national origin, citizenship, religion or creed, marital status, sex (including gender, gender identity, gender expression), sexual orientation, or veteran or military status; "Biometric Information" such as genetic, physiological, behavioral, and biological characteristics, or activity patterns used to extract a template or other identifier or identifying information, such as, fingerprints, faceprints, and voiceprints, iris or retina scans, keystroke, or gait; and "Professional or Employment Related Information" such as current or past job history or performance evaluations. AA's stated purpose for collecting this information includes "Performing services on behalf of us or our service provider, such as maintaining or servicing accounts, providing customer service, processing or fulfilling orders and transactions, verifying customer information, processing payments, providing financing, providing advertising or marketing services, providing analytic services, or providing similar services on behalf of us or our service providers." The stated reason for this California-only policy is "to comply with the California Consumer Privacy Act, the California Privacy Rights Act, and other California laws."

22. AA's above described written statements about its data privacy policies and practices in place on February 7, 2023 are false and/or misleading and/or contained omissions of material fact. Prior to or on February 7, 2023, AA created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in an nonencrypted and nonredacted format on AA's

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

computer "network." If AA had been using "a secure server" or had "encrypted" and kept Plaintiff's and the Class's "information in a secure database" and used the tools and methods it advertised to protect the personal information that AA created, maintained, preserved, and/or stored on AA's computer "network," AA would have eliminated the Data Breach. However, AA instead notified Plaintiff and the Class that their nonencrypted and nonredacted personal information had been "accessed" and "acquired" by at least one "unauthorized actor," "on February 7, 2023."

23. Additionally, pursuant to Cal. Civil Code section 1798.100(e), AA, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code. Based upon the foregoing, including AA's notice letter, attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that Huntress reporting further demonstrates that AA failed to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

24. Additionally, pursuant to Cal. Civil Code section 1798.100(a)(3), AA, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose. Based upon the foregoing, including AA's notice letter, attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that AA retain a consumer's personal information or sensitive personal information for

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

each disclosed purpose for which the personal information was collected for longer than is reasonably necessary.

25. Had Defendant and/or its employees (presently unknown to Plaintiff) taken the above described appropriate preventive actions, fix the deficiencies in AA's computer "network," encrypted Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network," and adopted security measures as required by the CCPA prior to and on February 7, 2023, AA could have prevented Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network," from unauthorized access and acquisition or exfiltration, theft, or disclosure by at least one unauthorized third party on February 7, 2023.

26. California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, pursuant to Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General. On or about August 16, 2023, AA caused notice letter, dated August 16, 2023, entitled "Notice of Data Breach," signed "The Customer Support Team," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. Because AA submitted its Notice of Data Breach form letter, attached hereto as **Exhibit A**, to the Attorney General of the State of California, AA has determined and has conceded that Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including Social Security numbers, on AA's computer "network," was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. Additionally, because AA submitted its Notice of Data Breach form letter, dated August 16, 2023, to the Attorney General of the State of California and mailed it to Plaintiff and other members of the Class, AA has conceded that Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including Social Security numbers, on AA's computer network or data "servers," was unencrypted and thus, the unauthorized third party who "accessed" and "acquired" or exfiltrated or stole Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's Social Security numbers, on AA's computer "network," was able to actually view Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including Social Security numbers. As a result, AA was negligent for failing to encrypt or adequately encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security numbers), on AA's computer "networkservers" on February 7, 2023.

27. To date, other than offering its "regret[s]" for this incident and "apologiz[ing] for any concern it may cause," "," "encourage[ing] you [i.e. Plaintiff and members of the Class] to remain vigilant against incidents of identity theft and fraud" and offering "the services of Kroll to provide identity monitoring and protection services at no cost to you for one year," AA has not offered any monetary compensation for unauthorized access and acquisition or exfiltration, theft or disclosure of Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network." In effect, AA is shirking its responsibility for the harm AA has caused, while shifting the burdens and costs of its wrongful conduct onto Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> Class: All persons to whom Advance America, Cash Advance Centers of California, LLC d/b/a Advance America sent a Notice of Data Breach letter, dated on or about August 16, 2023, an exemplar of which is attached hereto as **Exhibit A**.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

The officers and directors of AA are excluded from the Class. The officers and directors of any "affiliate," "principal" and "subsidiary" of AA, as defined in the Corporations Code sections 150, 175, and 189, respectively, are also excluded from the Class. The employees of AA who negligently created, maintained, preserved, and/or stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network" are also excluded from the Class. Plaintiff reserves the right to amend or modify the Class definition with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery by Plaintiff during his future investigations.

29. This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the Class Members is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of AA and its agents, and the Class is defined in objective terms that make the eventual identification of Class Members possible and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

30. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

31. Common questions of law and fact exist as to all members of the Class and the Class and predominate over any questions affecting solely

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

individual members of the Class and the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class Members, including the following:

a) Whether Defendant created, maintained, preserved and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including Social Security numbers, in a nonencrypted and nonredacted format on AA's computer "network," prior to and on February 7, 2023;

b) Whether Defendant implemented and maintained reasonable security procedures and practices to protect from access and exfiltration, and to ensure the confidentiality of Plaintiff's and the Class's personal information, in electronic form, within AA's computer "network ," prior to and on February 7, 2023;

c) Whether Plaintiff's and the Class's personal information, in electronic form, within AA's computer "network," prior to and on February 7, 2023, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party;

d) Whether Defendant's notice that Plaintiff's and the Class's personal information within AA's computer "network," prior to and on February 7, 2023 was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount information required by statute;

e) Whether the timing of Defendant's notice that Plaintiff's and the Class's personal information within AA's computer "network," prior to and on February 7, 2023 was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, was given in the most expedient time possible and without reasonable

delay required by statute;

f) Whether Defendant's conduct constitute unlawful, unfair or fraudulent practices in violation of Business and Professions Code sections 17200, *et seq*.; and

g) Whether Plaintiff and the Class are entitled to actual damages, and/or statutory damages, and/or injunctive relief.

32. Plaintiff's claims are typical of those of the other Class Members because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffer from the same violations of the law as other Class Members.

33. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

34. The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a) If each member of the Class were required to file an individual lawsuit, AA would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

b) The costs of individual suits could unreasonably consume the amounts that would be recovered;

c) Proof of a common business practice or factual pattern which

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d) Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e) AA has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f) The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

35. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendant and who have been given notice of the Data Breach.

37. Plaintiff and the Class have suffered irreparable harm and damages because of Defendant's wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will continue to be damaged and to suffer by the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

unauthorized access, acquisition, exfiltration, theft and/or disclosure of their personal information, thereby allowing these violations of law to proceed without remedy.

38. Moreover, Plaintiff's and the Class's individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Breach of California Consumer Privacy Act**
**Cal. Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Class Against Defendant)**

39. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

40. Pursuant to Cal. Civil Code section 1798.150(a)(1), "[a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, … is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action …."

41. Defendant is organized for the profit or financial benefit of their owners and collects Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5(d)(1)(a).

42. Defendant violated paragraph (1) of subdivision (a) of section 1798.150 of the Cal. Civil Code of the California Consumer Privacy Act ("CCPA") by allowing Plaintiff's and the Class Members' "personal information"

as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on AA's computer "network" on February 7, 2023 to be subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to protect Plaintiff's and the Class's personal information.

43. Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on AA's computer "network," on February 7, 2023 was subjected to unauthorized access and acquisition or exfiltration, theft, or disclosure as a direct and proximate result of Defendant's violation of its duty under the CCPA.

44. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to safeguard "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and a nonredacted format on AA's computer network or data "servers," on February 7, 2023 from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), such as encrypting Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 so in the event of unauthorized access and acquisition or exfiltration of Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 could not be read by an unauthorized third party. As a result of Defendant's failure to implement reasonable security procedures and practices, Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5 was subject to an unauthorized access and acquisition or exfiltration, theft, or disclosure.

45. As a direct and proximate result of Defendant's violation of its duty under the CCPA, Plaintiff and the Class seek injunctive or declaratory relief from Defendant pursuant to Cal. Civil Code section 1798.150(a)(1)(B) to ensure that Defendant hereinafter adequately safeguard Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 by implementing reasonable security procedures and practices. This relief is important because Defendant still possesses Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5. Plaintiff and the Class have an interest in ensuring that their "personal information" as defined by Cal. Civil Code section 1798.81.5 is reasonably protected in the future.

46. On September 11, 2023, Plaintiff's counsel sent a CCPA notice letter to Defendant's principal place of business and registered service agent, and if within the 30 days of delivery of such CCPA notice letter, Defendant does not actually cure the noticed violation and provide Plaintiff with an express written statement that the violations have been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under these facts and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

circumstances), Plaintiff and the Class shall seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident pursuant to Cal. Civil Code section 1798.150(b) from Defendant.

**SECOND CLAIM FOR RELIEF**
**Breach of California Security Notification Laws**
**Cal. Civil Code § 1798.82**
**(On Behalf of Plaintiff and the Class Against Defendant)**

47. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

48. Pursuant to Cal. Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable."

49. Cal. Civil Code section 1798.82 further provides, "(h) For purposes of this section, 'personal information' means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted: (1) Social security number."

50. Defendant conducts business in California and owns or licenses computerized data which includes the personal information, within the meaning

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

of Cal. Civil Code section 1798.82(h), of Plaintiff and the Class.

51. Thus, Plaintiff and the Class have been injured by fact that Defendant did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person in the most expedient time possible and without reasonable delay in violation of Cal. Civil Code section 1798.82(a). Specifically, Defendant waited more than 190 days before *beginning* to inform Plaintiff and the Class of this Data Breach by mailing "Notice of Data breach" letter, an exemplar of which is attached as **Exhibit A**. Given the example of the Legislature finding that a delay of 21 days to be "late notice" under the statute, Defendant's delay of more than 190 days before *beginning* to mail "Notice of Data breach" letter is presumptively unreasonable notice in violation of Cal. Civil Code section 1798.82(a).[4] Additionally, Defendant's "Notice of Data breach" letter failed to provide the "contact information of the reporting person or business subject to this section," in violation of Cal. Civil Code section 1798.82(d)(2)(A), and failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of Cal. Civil Code section 1798.82(d)(2)(D). Defendant's delays of more than 190 days providing all of the information required by Cal. Civil Code section 1798.82(d) and in informing in the most expedient time possible and without reasonable delay as required by Cal. Civil Code section 1798.82(a), have prevented Plaintiff and the Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use

[4] **Error! Main Document Only.**Similarly, Defendant's delay of more than 60 days before *beginning* to mail "Notice of Data breach" letter is presumptively unreasonable notice under federal regulations that require HIPAA covered entities "without unreasonable delay and in no case later than 60 calendar days after discovery of the breach" to "notify each individual whose unsecured protected health information has been, or is reasonably believed by the covered entity to have been, accessed, acquired, used, or disclosed as a result of" a data breach. 45 C.F.R. § 164.404.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and/or identify theft.

52. Plaintiff and the Class seek recovery of their damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e) from Defendant.

## THIRD CLAIM FOR RELIEF

**Unlawful, Unfair and Fraudulent Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*.**
**(On Behalf of Plaintiff and the Class Against Defendant)**

53. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

54. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendant as alleged herein constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

55. By the aforementioned business acts or practices, Defendant has engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Cal. Cal. Civil Code sections 1798.82, 1798.100, and 1798.150. Plaintiff reserves the right to allege other violations of law committed by Defendant which constitute unlawful acts or practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

56. By the aforementioned business acts or practices, Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's failure to maintain adequate information security policies, procedures and practices, including but not limited to, failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, failing to put into place reasonable or adequately computer systems and security practices to safeguard personal information including access restrictions and encryption, failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

personal information of Plaintiff and the Class in their possession, and failing to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Plaintiff and the Class.

57. By the aforementioned business acts or practices, Defendant has also engaged in "fraudulent" business acts or practices by making statements of its information security policies, procedures, and practices that were false and/or misleading and/or contained omissions of material fact, as set forth more fully above.

58. Plaintiff and the Class have suffered an injury in fact by acquiring less in their transactions with Defendant than they otherwise would have if Defendant would had adequately protected the confidentiality of their personal information.

59. The aforementioned unlawful, unfair and fraudulent business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession.

60. Because of Defendant's aforementioned conduct, Plaintiff and the Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendant is likely to continue to injure Plaintiff and the Class.

61. Pursuant to Business & Professions Code section 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to correct its illegal conduct that is necessary and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

proper to prevent Defendant from repeating its illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Class in Defendant's possession that has already been subject to unauthorized access and acquisition or exfiltration, by least one unauthorized third party as a result of Defendant's aforementioned conduct. Pursuant to Business & Professions Code section 17203, Plaintiff and the Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to publicly issue comprehensive corrective notices and to correct or enact adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in its possession.

62. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code of Civil Procedure section 1021.5 and other applicable law.

## FOURTH CLAIM FOR RELIEF
**Negligence**
**(On Behalf of Plaintiff and the Class Against Defendant)**

63. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

64. Defendant collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Defendant collects and stores personal information for its own monetary gain.

65. Pursuant to Cal. Civil Code section 1798.100(e), Defendant, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

section 1798.81.5 of the Cal. Civil Code.

66. Pursuant to Cal. Civil Code section 1798.100(a)(3), Defendant, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose.

67. Defendant breached its duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code in numerous ways, including but not limited to, by failing to take adequate and reasonable measures to ensure AA's computer "network" were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by retaining and storing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on AA's computer "network" for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees in regards to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

by the CCPA, and according to Defendant's written representations to Plaintiff and the Class in its Privacy Notice, its Privacy Principles, and its Privacy Notice for California Residents and on its website.

68. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, acquisition, use, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code in a nonencrypted and a nonredacted format on AA's computer "network," on February 7, 2023 from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not.

69. As a result of Defendant's failure to implement reasonable security procedures and practices, the personal information of Plaintiff and Class Members saved in a nonencrypted and a nonredacted format on AA's computer "network," on February 7, 2023, was subject to unauthorized or illegal access, acquision or exfiltration, theft, or disclosure.

70. Plaintiff and Class Members' personal information would not have been subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure but for Defendant's wrongful and negligent breach of its duties to implement reasonable security procedures and practices.

71. Defendant's failure to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, acquisition, use, or disclosure, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure by at least one unauthorized third party.

72. Defendant's aforementioned violations of the above described

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

statutes create as presumption of negligence as each was enacted to protect a class of persons of which Plaintiff is a member against the type of harm that Plaintiff and Class Members suffered as a result of Defendant's aforementioned violations of the above described statutes.

73. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and Class Members have and will suffer damages as alleged herein, in amounts according to proof at trial.

74. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied-in-Fact Contract**
**(On Behalf of Plaintiff and the Class Against Defendant)**

75. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

76. Defendant's California Privacy Policy states in part that it collects, uses, and/or discloses the personal information it collects in "performing services such as maintaining or servicing accounts, providing customer service, processing, or fulfilling transactions, verifying customer information, processing payments, providing financing, providing advertising or marketing services, providing analytic services, or providing similar services on behalf of us or by our service providers." Defendant's Privacy Policy states in part that, "We collect your personal information, for example, when you apply for a loan or give us your income information, provide employment information or provide account information, [and] give us your contact information. We also collect your personal information from others, such as credit bureaus, affiliates, or other companies." Thus, Defendant collects and stores personal information for its own monetary gain.

///

77. Pursuant to Cal. Civil Code section 1798.100(d), Defendant, as a business that collects a consumer's personal information and that sells that personal information to, or shares it with, a third party or that discloses it to a service provider or contractor for a business purpose, had an obligation to enter into an agreement or contract with the third party, service provider, or contractor, that: (1) Specifies that the personal information is sold or disclosed by the business only for limited and specified purposes. (2) Obligates the third party, service provider, or contractor to comply with applicable obligations under this title and obligate those persons to provide the same level of privacy protection as is required by this title. (3) Grants the business rights to take reasonable and appropriate steps to help ensure that the third party, service provider, or contractor uses the personal information transferred in a manner consistent with the business' obligations under this title. (4) Requires the third party, service provider, or contractor to notify the business if it makes a determination that it can no longer meet its obligations under this title. (5) Grants the business the right, upon notice, including under paragraph (4), to take reasonable and appropriate steps to stop and remediate unauthorized use of personal information.

78. Defendant, as a business that collects a consumer's personal information, had an obligation to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, acquisition, use, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

79. Additionally, as a part of its contracts with service provider or contractor for a business purpose, and as a result of its conduct in collecting personal information, Defendant agreed to safeguard and protect the personal information its collects, including the personal information of Plaintiff and Class members, from unauthorized or illegal access, destruction, use, modification, or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

disclosure, as set forth in its Privacy Policy, its Privacy Notice for California Residents and as published on its website.

80. Implicit its conduct in collecting personal information of Plaintiff and Class Members and its publication of its Privacy Policy, its Privacy Notice for California Residents and its website was the obligation that Defendant would use personal information of Plaintiff and Class Members for approved business purposes only and would not allow unauthorized or illegal access, acquisition, use, or disclosure to the personal information or would not allow unauthorized exfiltration or theft of the personal information. Additionally, Defendant promised to retain the personal information of Plaintiff and Class Members only under conditions that kept such information secure and confidential. As a result, Defendant had a duty to reasonably safeguard and protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, acquisition, use, disclosure, exfiltration or theft.

81. As a result of Defendant's conduct in collecting personal information of Plaintiff and Class Members, Plaintiff and Class Members entered into implied contracts with Defendant in which Defendant agreed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information, as set forth in its Privacy Policy, its Privacy Notice for California Residents and as published on its website.

82. The nature of Defendant's implied promise itself—the subject matter of the contractual provision at issue—was to protect Plaintiff's and Class Members' personal information in order to prevent harm and prevent present and continuing increased risk from unauthorized or illegal access, acquisition, use, disclosure, exfiltration or theft.

83. Defendant breached its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was "accessed" on February 7, 2023, and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

"acquired" or exfiltrated, by at least one unauthorized third party.

84. Plaintiff and Class Members were harmed by Defendant's breach of its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was "accessed" on February 7, 2023, and "acquired" or exfiltrated by at least one unauthorized third party, causing Plaintiff and Class Members to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and Class Members to sustain nominal damages.

85. Defendant's breach of its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was "accessed" on February 7, 2023, and "acquired" or exfiltrated by at least one unauthorized third party was a substantial factor in causing Plaintiff and Class Members to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and Class Members to sustain nominal damages.

86. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and the proposed Class the following relief against Defendant, and each of them:

**As for the First Claim for Relief**

1. For injunctive or declaratory relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B);

**As for the Second Claim for Relief**

2. For damages according to proof to Plaintiff individually and to each member of the Class and the Class pursuant to Cal. Civil Code section 1798.84(b);

3. For injunctive relief pursuant to Cal. Civil Code section 1798.84(e);

**<u>As for the Third Claim for Relief</u>**

4. For injunctive relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code;

5. For injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized or illegal access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the Class, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Class in its possession;

6. For injunctive relief in the form of an order enjoining Defendant from disclosing the personal information of Plaintiff and the Class without the prior written authorization of each Plaintiff and Class Member;

**<u>As for the Fourth Claim for Relief</u>**

7. For damages according to proof to Plaintiff individually and to each member of the Class and the Class;

**<u>As for the Fifth Claim for Relief</u>**

8. For damages according to proof to Plaintiff individually and to each member of the Class and the Class;

**<u>As to All Causes of Action</u>**

9. That the Court issue an Order certifying this action be certified as a class action on behalf of the proposed Class, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class;

10. For an award of attorneys' fees as authorized by statute, including,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

but not limited to, the provisions of Cal. Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

11. For costs of the suit;

12. For prejudgment interest at the legal rate; and

13. Any such further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

COHELAN KHOURY & SINGER
KEEGAN & BAKER, LLP

Dated: September 14, 2023

By: s/Isam C. Khoury
Timothy D. Cohelan
Isam C. Khoury
Rosemary C. Khoury
Attorneys for Plaintiff Juan Sanchez, on behalf of himself and all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

COHELAN KHOURY & SINGER
KEEGAN & BAKER, LLP

Dated: September 14, 2023

By: s/Isam C. Khoury
Timothy D. Cohelan
Isam C. Khoury
Rosemary C. Khoury
Attorneys for Plaintiff Juan Sanchez, on behalf of himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101